# EXHIBIT A

**ABRAMSON SMITH WALDSMITH, LLP**
ROBERT J. WALDSMITH [State Bar # 163774]
JEFFREY R. SMITH [State Bar # 245337]
19 Tehama Street, Suite A
San Francisco, California 94104
Telephone:  (415) 421-7995
Facsimile:  (415) 421-0912

Attorneys for Plaintiffs
MARIA COREY and
DAVID COREY

E-FILED
7/29/2024 9:34 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV444183
Reviewed By: C. Roman

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

MARIA COREY And DAVID COREY,

Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,
SLENDERTONE DISTRIBUTION, INC.,
BIO-MEDICAL RESEARCH LTD., DOE
ONE through DOE FIFTY,

Defendants.

Case No.:   24CV444183

**COMPLAINT FOR DAMAGES**

### GENERAL ALLEGATIONS

1.      The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOE ONE through DOE FIFTY, inclusive, and each of them, are sued unknown to Plaintiffs, who therefore sue said Defendants by fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately caused injury and damage to Plaintiffs as herein described.  Plaintiffs will insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

2.    At all times herein mentioned, each defendant was acting as an agent, servant, employee, special employee, representative, alter ego, successor in interest, partner, joint venturer, lessee, and licensee of each of the other Defendants, and were acting within the course, scope and authority of said relationship, and that each defendant, as aforesaid, when acting as a principle, was negligent in the selection and hiring of each and every other defendant.  In addition, each defendant ratified and approved the acts of each of the other Defendants, as described herein.

3.    At all times herein mentioned, Plaintiffs MARIA COREY and DAVID COREY were a married couple, and were and now are residents of the County of Santa Clara, State of California.

4.    At all times herein mentioned, Defendants COSTCO WHOLESALE CORPORATION and DOES ONE through TEN, were organized under and by virtue of the laws of the State of Washington and authorized to do and are doing business in the State of California.  Costco's business activities in the state of California are substantial, continuous, and systematic.  Costco presently operates 139 stores in California, by far the greatest number of stores in any of the United States.  The state with the second most stores is Texas with 41.  Costco has operated in California for nearly 50 years, opening its first store in San Diego in 1978.  In the last complete fiscal year, ending in September 2023, Costco had an annual revenue of $242.29 Billion, a significant percentage of which derived from the state of California.

5.    At all times herein mentioned, Defendants SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ELEVEN through TWENTY, were and now are corporations organized and existing under and by virtue of the laws of the Country of Ireland and said Defendants were and are authorized to do business in the State of California, and regularly conducted business in the State of California.  Plaintiffs also are informed and believe that at all times herein mentioned, said Defendants SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through TEN, each were headquartered and operated out of

Abramson Smith Waldsmith, LLP
Attorneys At Law

Galway, Ireland, and in the business of designing, manufacturing, selling fitness and wellness personal use products.

6.    At all times herein mentioned, Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive, and each of them, were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, retailing, buying, selling, inspecting, servicing, repairing, marketing, warranting, modifying, leasing and/or advertising the CoreFit abdominal muscle toning belt, pads and replacement pads ("TONING BELT"), and each and every component part thereof, for use in interstate commerce and in the State of California.  Plaintiffs are informed and believe that the TONING BELT product was defectively manufactured, designed, and was also rendered defective as a result of inadequate warnings, labels, and instructions.

7.    On or about March 24, 2022, plaintiff MARIA COREY ordered a defective TONING BELT online through the website of Defendants COSTCO WHOLESALE CORPORATION and DOES ONE through TEN.  Plaintiff MARIA COREY placed the defective TONING BELT on her abdomen, as instructed, when the defects in the TONING BELT caused her to suffer burn injuries.

8.    At all times herein mentioned, Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive, and each of them, negligently and carelessly manufactured, fabricated, designed, assembled, distributed, retailed, bought, sold, inspected, serviced, repaired, marketed, warranted, modified, leased, warned of dangers of, and/or advertised the TONING BELT product and each and every component part thereof, in that the same was capable of causing, and in fact did cause, personal injuries while that product was being used in a reasonably foreseeable manner, thereby rendering it unsafe and dangerous for use by a consumer, user or bystander.  At all times herein mentioned, the TONING BELT product was defectively

Abramson Smith Waldsmith, LLP
Attorneys At Law

3

Abramson Smith Waldsmith, LLP
Attorneys At Law

1   designed, manufactured, and/or lacked adequate warnings, instructions, and safety

2   provisions, all of which were foreseeably responsible for causing Plaintiff's injuries.

3       9.      Prior to Plaintiffs' injuries, Defendants had notice of the defective and

4   dangerous nature of these products.

5       10.     On or about July 30, 2022, plaintiff MARIA COREY sustained serious

6   injuries including burn injuries to her abdomen from her SLENDERTONE CoreFit

7   abdominal muscle toning belt.

8

9                           **FIRST CAUSE OF ACTION**

10          **STRICT PRODUCT LIABILITY AGAINST ALL DEFENDANTS**

11      11.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1

12  through 10, inclusive, and make them a part of this First Cause of Action as though fully

13  set out herein.

14      12.     At all times herein mentioned and prior thereto, COSTCO WHOLESALE

15  CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH

16  LTD., and DOES ONE through FIFTY, inclusive and each of them, by and through their

17  officers, directors, employees, and/or managing agents, were the manufacturers,

18  fabricators, designers, assemblers, testers, distributors, sellers, retailers, inspectors,

19  marketers, warranters, lessors, renters, suppliers, modifiers, providers and/or

20  advertisers of the TONING BELT product, which contained design and/or manufacturing

21  defects, and every component part thereof, and which was capable of causing, and in

22  fact, did cause personal injuries to the users and consumers thereof, including Plaintiffs,

23  while being used in a manner reasonably foreseeable, thereby rendering the same

24  unsafe and dangerous for use by the consumer, user and/or bystander.  Defendants, by

25  and through their officers, directors, employees and/or managing agents, also failed to

26  provide adequate warnings or instructions to consumers and users of the TONING

27  BELT product concerning the significant dangers associated with the TONING BELT

28  product and/or its component part, or to instruct consumers and users regarding the use

1  of the TONING BELT product, and warned or failed to warn, and instructed or failed to

2  instruct, anticipated users of the TONING BELT product, concerning the use of the

3  TONING BELT product.

4      13.    At all times herein mentioned, the TONING BELT product was defective

5  when placed on the market by Defendants, and each of them, and were of such a

6  nature that the defects would not be discovered in the normal course of inspection and

7  operation by users thereof. At all times herein mentioned, the TONING BELT product

8  was in substantially the same condition as it was when it was originally placed into the

9  stream of commerce by Defendants, inclusive and each of them.

10      14.    On or about July 30, 2022, the TONING BELT product was being used in

11  a reasonably foreseeable manner.  As a direct and proximate result of the defective

12  condition of the TONING BELT product, and the conduct of Defendants, inclusive and

13  each of them, Plaintiffs suffered severe and permanent injuries as set forth herein.

14      15.    By reason of the conduct of Defendants COSTCO WHOLESALE

15  CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH

16  LTD., and DOES ONE through FIFTY, inclusive and each of them, herein alleged,

17  plaintiff MARIA COREY suffered devastating injuries, and was caused to undergo a

18  course of pain and suffering, and has sustained noneconomic damages; plaintiff does

19  not know at this time the reasonable value thereof, but prays that the same may be

20  inserted herein when ascertained.

21      16.    By reason of the conduct of Defendants COSTCO WHOLESALE

22  CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH

23  LTD., and DOES ONE through FIFTY, inclusive and each of them, herein alleged,

24  plaintiff MARIA COREY has been compelled to incur obligations for hospitalization,

25  medical services and supplies, and will, in the future, be compelled to incur additional

26  obligations therefor; plaintiff does not at this time know the reasonable value thereof,

27  but prays that the same may be inserted herein when ascertained.

28

Abramson Smith Waldsmith, LLP
Attorneys At Law

5

Abramson Smith Waldsmith, LLP
Attorneys At Law

17.    By reason of the conduct of Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive and each of them, herein alleged, plaintiff MARIA COREY has been deprived of earnings and earning capacity and will in the future be deprived thereof; plaintiff does not at this time know the reasonable value thereof but prays that the same may be inserted herein when ascertained.

18.    By reason of the conduct of Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive and each of them, herein alleged, plaintiff MARIA COREY seeks costs of suit, prejudgment and post-judgment interest according to the law.

19.    By reason of the conduct of Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive and each of them, herein alleged, plaintiff MARIA COREY seeks interest provided by law; plaintiff does not at this time know the reasonable value thereof but prays that the same may be inserted when ascertained.

## SECOND CAUSE OF ACTION
## PRODUCT LIABILTY – NEGLIGENCE AGAINST ALL DEFENDANTS

20.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 19 and make them a part of this Second Cause of Action as though fully set out herein.

21.    At all times herein mentioned, Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through FIFTY, inclusive and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, retailing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting,

6

1 | managing, advertising, supervising the use of, making representations about, and/or

2 | warning of defects in or dangers associated with the use of, said TONING BELT

3 | product, including all component parts thereof, and had a duty to manufacture,

4 | fabricate, design, assemble, distribute, retail, buy, sell, inspected, test, analyze, service,

5 | repair, market, warrant, maintain, modify, alter, control, install, fit, entrust, manage,

6 | advertise, supervise the use of, make representations about, and/or warn of defects in,

7 | or dangers associated with the use of, the TONING BELT product, including all

8 | component parts thereof, in a reasonable manner, which Defendants knew, or in the

9 | exercise of reasonable care should have known, would be used without inspection for

10 | defects or dangers.

11      22.    At all times herein mentioned, Defendants COSTCO WHOLESALE

12 | CORPORATION, SLENDERTONE DISTRIBUTION, INC., BIOMEDICAL RESEARCH

13 | LTD., and DOES ONE through FIFTY, inclusive and each of them, breached their

14 | above-mentioned duties by negligently, recklessly and/or carelessly manufacturing,

15 | fabricating, designing, assembling, distributing, retailing, buying, selling, inspecting,

16 | testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying,

17 | altering, controlling, installing, fitting, entrusting, managing, advertising, supervising the

18 | use of, making representations about, and/or warning of defects in or dangers

19 | associated with the use of, said TONING BELT product, including all component parts

20 | thereof, thereby rendering the said product unsafe and dangerous for use by

21 | consumers, users and bystanders, which proximately caused the injuries and damages

22 | to Plaintiffs, as set forth herein.

23

24 | **THIRD CAUSE OF ACTION**

25 | **PRODUCT LIABILITY – BREACH OF WARRANTY AGAINST ALL DEFENDANTS**

26      23.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1

27 | through 22 and make them a part of this Third Cause of Action as though fully set out

28

Abramson Smith Waldsmith, LLP
Attorneys At Law

7
COMPLAINT FOR DAMAGES

1  herein.

2      24.     Prior to and on the date of the purchase of the TONING BELT product,

3  Defendants COSTCO WHOLESALE CORPORATION, SLENDERTONE

4  DISTRIBUTION, INC., BIOMEDICAL RESEARCH LTD., and DOES ONE through

5  FIFTY, inclusive and each of them, expressly represented and warranted to the general

6  public, including Plaintiffs and other Defendants, that the TONING BELT product and its

7  component parts were free from defects and in all respects safe for use in the manner

8  for which they were designed, manufactured and sold and expressly warranted that the

9  TONING BELT product and its component parts were of merchantable quality and fit for

10  the purpose intended, namely, to be used in a private residence.  Said warranties were

11  both oral and in written form.

12      25.     Plaintiff MARIA COREY relied on said warranties and representations of

13  said Defendants, and on Defendants' skill and judgment in the purchase of the TONING

14  BELT product and said affirmations, promises and warranties became part of the basis

15  of the bargain.

16      26.     The TONING BELT product was not safe for the use and purpose for

17  which it was intended and was not of merchantable quality and fitness for use as a

18  result of the defects as herein alleged, and as a direct and proximate result of said

19  breach of warranties, caused injuries to MARIA COREY, and Plaintiffs to incur the

20  damages hereinafter mentioned.

21
22                    **FOURTH CAUSE OF ACTION**
                **LOSS OF CONSORTIUM – AGAINST ALL DEFENDANTS**
23
24      27.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1

25  through 26, and make them a part of this Fourth Cause of Action as though fully set out

26  herein.

27      28.     As a result of Defendants conduct and plaintiff MARIA COREY'S injuries,

28  plaintiff DAVID COREY was caused to undergo a course of pain and suffering, and has

Abramson Smith Waldsmith, LLP
Attorneys At Law

1  sustained noneconomic damages, and has been deprived of the love, companionship,

2  care, assistance, protection, affection, society, moral support, enjoyment of sexual

3  relations, and has thereby sustained economic and noneconomic damages; Plaintiffs do

4  not at this time know the reasonable value thereof, but pray that the same may be

5  inserted herein when ascertained.

6      WHEREFORE, Plaintiffs pray for judgment against Defendants for noneconomic

7  damages, for items of economic damage including property damage, for interest

8  according to law; for costs of suit herein incurred; and for such further and other relief

9  as this Court deems proper.

10

11  DATED: July 29, 2024              **ABRAMSON SMITH WALDSMITH, LLP**

12

13                                 JEFFREY R. SMITH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Abramson Smith Waldsmith, LLP*
*Attorneys At Law*

COMPLAINT FOR DAMAGES

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara – Civil

C. Roman

# CIVIL LAWSUIT NOTICE

**ATTACHMENT CV-5012**

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _____24CV444183_____

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

***DEFENDANT*** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:***   You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms:  https://www.scscourt.org/forms_filing.shtml  and
  https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):***   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

| | | |
|---|---|---|
| Your Case Management Judge is: _____Pennypacker, Evette_____ | Department: | 06 _____ |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) Date: 02/04/25 ____ Time: 2:10 PM ____ in Department: 06 ____ | | |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) Date: _____  Time: _____  in Department: _____ | | |

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

SEAN P. MORIARTY, ESQ. (BAR NO. 196227)
ARLEN LITMAN-CLEPER, ESQ. (BAR NO. 289699)
CESARI, WERNER AND MORIARTY
75 Southgate Avenue
Daly City, CA 94015
Telephone: (650) 991-5126
Facsimile:  (650) 991-5134
smoriarty@cwmlaw.com
alitman@cwmlaw.com
6917-3-13-19
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| MARIA COREY and DAVID COREY,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br>SLENDERTONE DISTRIBUTION, INC.,<br>BIO-MEDICAL RESEARCH LTD., DOE<br>ONE through DOE FIFTY<br><br>Defendants. | Case No. 24CV444183<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant COSTCO WHOLESALE CORPORATION ("Defendant") answers the unverified complaint of Plaintiff MARIA COREY and Plaintiff DAVID COREY ("Plaintiffs") as follows:

## **GENERAL DENIAL**

1.  Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiffs' Complaint and each and every cause of action therein.

2.  Defendant further denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on the Part of Defendant, and specifically deny that Plaintiffs suffered any of the damages alleged in the Complaint.

3.   Defendant further denies that Plaintiffs are entitled to any relief against Defendant on any ground whatsoever and deny that Plaintiffs are entitled to damages against Defendant in any amount.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes, and based on such information and belief, alleges the following affirmative defenses as to each and every cause of action in the Complaint. By alleging these affirmative defenses, Defendant is not in any way conceding that they bear the burden of proof or persuasion on any of these issues. Defendant reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtaining during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

1.   Defendant alleges that the Complaint, and each and every cause of action and part thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.   Defendant alleges that the injuries and damages of which plaintiffs complain were proximately caused by the negligence and fault of other defendants herein and without any fault or want of care on the part of this Defendant or on the part of any person or persons for whose acts this Defendant was or is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

3.   Defendant alleges that Plaintiffs assumed the risk of the hazards alleged if any hazards here were.

## FOURTH AFFIRMATIVE DEFENSE

4.   Defendant alleges that Plaintiffs failed to mitigate their damages with respect to the subject matter of this lawsuit.

1

## FIFTH AFFIRMATIVE DEFENSE

2    5.    Defendant alleges that damages if any, were proximately caused or contributed to by

3    the negligence of Plaintiffs and Plaintiffs are barred from recovery or Plaintiffs recovery is

4    reduced thereby.

5

## SIXTH AFFIRMATIVE DEFENSE

6    6.    Defendant alleges Improper Venue on the basis that Plaintiffs are pursuing this matter

7    in the improper court.

8

## SEVENTH AFFIRMATIVE DEFENSE

9    7.    The alleged injuries and damages in question, if any, were the result of a misuse of the

10    product in question, if any were the result of a misuse of the product in question.

11

## EIGHTH AFFIRMATIVE DEFENSE

12    8.    Defendant is entitled to contribution from any person whose negligence caused or

13    contributed to the happening of the claimed incident or alleged damages, if it should be found

14    that defendant is liable, which defendant expressly denies.

15

## NINTH AFFIRMATIVE DEFENSE

16    9.    The product about which Plaintiffs complain was abused by Plaintiffs or permissive

17    users of the product.

18

## TENTH AFFIRMATIVE DEFENSE

19    10.    Defendant is not responsible for any damages, or percentage of damages, claimed by

20    plaintiff as a result of the intentional acts or omissions of others, including Plaintiffs.

21

## ELEVENTH AFFIRMATIVE DEFENSE

22    11.    The products manufactured/distributed/sold by defendant, which product Plaintiffs

23    allege was involved in the subject incident and which is the subject of this action, was not

24    defective.

25

26

27

28

1

## TWELFTH AFFIRMATIVE DEFENSE

2  12.    If Plaintiffs had sustained any injuries or incurred any damages, such injuries and

3  damages were the result of intervening or superseding events, factors, occurrences

4  modifications or conditions, which were in no way caused by defendant and for which

5  defendant is not responsible or liable.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7  13.    Defendant alleges that a party other than itself modified, altered or failed to maintain

8  the product, which is the subject matter of this action, and said modification, alteration or

9  failure to maintain the product was the sole cause of Plaintiffs' injuries and/or damages.

10

## FOURTEENTH AFFIRMATIVE DEFENSE

11  14.    The product manufactured/distributed/sold by defendant, which Plaintiffs allege was

12  involved in the subject incident and which is the subject of this action, was not the cause of the

13  subject incident.

14

## FIFTEENTH AFFIRMATIVE DEFENSE

15  15.    The product manufactured/distributed/sold by defendant, which Plaintiffs allege were

16  involved in the subject incident and which is the subject of this action, was integrated into an

17  end product, such that the component parts doctrine applies, and defendant cannot be found

18  liable for any injuries sustained by the finished product.

19

## SIXTEENTH AFFIRMATIVE DEFENSE

20  16.    The product with which Plaintiffs allegedly came in contact at the time that she

21  sustained her injury was not supplied, sold, or otherwise provided by defendant, but rather was

22  that of a third party for which defendant cannot be held liable.

23

## SEVENTEENTH AFFIRMATIVE DEFENSE

24  17.    The Complaint, and each and every cause therein, is barred by the equitable doctrine

25  of Waiver.

26

## EIGHTEENTH AFFIRMATIVE DEFENSE

27  18.    The Complaint, and each and every cause therein, is barred by the equitable doctrine

28  of Estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiffs are barred from recovering under the Complaint, in whole or in part, because Plaintiffs have incurred no damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The purpose of the alleged Contract was frustrated by unforeseen circumstances outside of the parties' reasonable expectations or control, thus excusing Defendant from performance thereunder.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     The Complaint is barred by the applicable statutes of limitation, including but not limited to, C.C.P.  Sections 335, 335.1, 336, 337.1, 337.2, 337.3, 337.5, 337.6, 337.15, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.4, 340.5, 340.7, 340.9, 340.10, 340.15, 340.35, 341, 341.5, 342, 343, 344, 345, 346, 347, 348, 349, 349.1, 349.2 and 349.4.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that it would be appropriate.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     The dispute as alleged in the Complaint is to be governed by the laws of the State of Washington pursuant to contractual agreement between the parties.

**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of the Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.     That Defendant be awarded their costs of suit;

4.     That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

1        5.      For such other and further relief as the Court deems just and proper.

2    DATED: October 14, 2024       Respectfully submitted,

3                  CESARI, WERNER AND MORIARTY

4

5                  */s/ Arlen Litman-Cleper*

6    By:_____
                   ARLEN LITMAN-CLEPER

7                  Attorneys for Defendant
                   Costco Wholesale Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Costco Wholesale Corporation, Slendertone Distribution, Inc.,
Bio-Medical Research Ltd., Doe One Through Doe Fifty

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Maria Corey and David Corey

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
7/29/2024 9:34 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV444183
Reviewed By: C. Roman
Envelope: 16093592

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>24CV444183 |
|---|---|

Santa Clara Superior Court
191 N. First, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey R. Smith, Abramson Smith Waldsmith, 19 Tehama St., #A, San Francisco CA 94105 415-421-7995

| DATE:<br>*(Fecha)* | 7/29/2024 9:34 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | C. Roman | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

☒ on behalf of *(specify):* **COSTCO WHOLESALE CORPORATION**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT B

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**     John Sullivan, Corporate Counsel
Costco Wholesale Corporation
LEGAL DEPT., 999 LAKE DRIVE
ISSAQUAH, WA 98027-

**RE:**     **Process Served in California**

**FOR:**    Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA COREY And DAVID COREY // To: Costco Wholesale Corporation |
| **CASE #:** | 24CV444183 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/13/2024 at 11:15 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2024, Expected Purge Date: 09/18/2024 |
| | Image SOP |
| | Email Notification,  John Sullivan  jsullivan@costco.com |
| | Email Notification,  Nicola Merrett  nmerrett@costco.com |
| | Email Notification,  Joey Borla  jborla@costco.com |
| | Email Notification,  Darius Blakeney  dblakeney@costco.com |
| **REGISTERED AGENT CONTACT:** | Amanda Garcia |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.